**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE MARTIN SMITH,
                    *Debtor*,

MARTIN SMITH,
          *Plaintiff-Appellant*,

v.

UNITED STATES INTERNAL
REVENUE SERVICE,
          *Defendant-Appellee.*

No. 14-15857

D.C. No.
4:13-cv-00871-YGR

OPINION

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted May 12, 2016
San Francisco, California

Filed July 13, 2016

Before: Jerome Farris, Diarmuid F. O'Scannlain,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Bankruptcy

The panel affirmed the district court's order reversing the bankruptcy court and entering summary judgment in favor of the IRS in a debtor's adversary proceeding seeking a determination that his federal income tax liabilities were dischargeable in bankruptcy.

The panel held that the debtor's tax liabilities were non-dischargeable under 11 U.S.C. § 523(a)(1)(B)(i), which exempts from discharge any debt for a tax with respect to which a return was not filed. The panel held that the debtor's late-filed Form 1040 did not represent an honest and reasonable attempt to satisfy the requirements of the tax law, and he therefore did not file a "return" within the meaning of § 523(a)(1)(B)(i). Agreeing with other circuits, the panel held that *In re Hatton*, 220 F.3d 1070 (9th Cir. 2000), which adopted the Tax Court's widely-accepted definition of "return," applied to the bankruptcy code as since amended.

### COUNSEL

Robert L. Goldstein (argued), Law Offices of Robert L. Goldstein, San Francisco, California, for Plaintiff-Appellant.

Julie C. Avetta (argued) and Ellen Page DelSole, Attorneys; Tamara W. Ashford, Acting Assistant Attorney General; Tax

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Division, Department of Justice, Washington, D.C.; for Defendant-Appellee.

A. Lavar Taylor, Law Offices of Lavar Taylor, Santa Ana, California, as and for Amicus Curiae.

_____

**OPINION**

CHRISTEN, Circuit Judge:

Martin Smith did not file a 2001 tax form on time. Instead, he filed a Form 1040 seven years after it was due, and three years after the IRS assessed a deficiency against him. Smith later filed for bankruptcy and sought to discharge his 2001 tax liability. The bankruptcy court permitted the discharge, but the district court reversed. Smith appeals the district court's ruling.

**FACTUAL AND PROCEDURAL BACKGROUND**

After Martin Smith failed to timely file his 2001 tax forms, the IRS prepared a Substitute for Return or "SFR" based on information it gathered from third parties. In March 2006, the IRS mailed Smith a notice of deficiency. Smith did not challenge the notice of deficiency within the allotted 90 days and the IRS assessed a deficiency against him of $70,662. Three years later, in May 2009, Smith filed a Form 1040 for the year 2001 on which he wrote "original return to replace SFR." On this late-filed form, Smith reported a higher income than the one the IRS calculated in its assessment, thereby increasing his tax liability. The IRS added the additional arrearage to its assessment. Two months after that, in July 2009, Smith submitted an offer in

compromise, hoping to resolve his tax liability. The IRS rejected his offer. Smith later lost his job and the IRS allowed him to pay his tax bill in monthly installments of $150.

After about five months, Smith declared bankruptcy and sought to discharge his 2001 tax debt before the bankruptcy court. Smith and the IRS agreed that the increase in the assessment based on Smith's late-filed form was dischargeable, but they disputed whether the IRS's original $70,662 assessment was also dischargeable. The bankruptcy court ruled that it was. The district court reversed. Smith appeals the district court's ruling. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm the district court's order entering summary judgment in favor of the IRS.

## STANDARD OF REVIEW

This court reviews de novo the bankruptcy court's interpretation of the bankruptcy code. *In re Hatton*, 220 F.3d 1057, 1059 (9th Cir. 2000). We also review de novo a district court's order granting a motion for summary judgment. *Ditto v. McCurdy*, 510 F.3d 1070, 1075 (9th Cir. 2007).

## DISCUSSION

The bankruptcy code exempts from discharge "any . . . debt for a tax . . . with respect to which a return, or equivalent report or notice, if required . . . was not filed or given." 11 U.S.C. § 523(a)(1)(B)(i). In *In re Hatton*, we adopted the Tax Court's widely-accepted definition of "return." 220 F.3d at 1060 (internal citation omitted). There, we stated that "[i]n order for a document to qualify as a [tax] return: (1) it must purport to be a return; (2) it must be executed under penalty

of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law." *Id.* at 1060–61 (internal citation and quotation marks omitted).

When we decided *Hatton*, the bankruptcy code did not define "return," *id.* at 1060, but Congress amended the bankruptcy code in 2005 and it added a definition.  In pertinent part, the amendment reads:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements).

11 U.S.C. § 523(a).

We have not interpreted this new definition, but both parties and several of our sister circuits agree that *Hatton*'s four-factor test still applies, *see In re Ciotti*, 638 F.3d 276, 280 (4th Cir. 2011); *In re Justice*, 817 F.3d 738, 740–41 (11th Cir. 2016); and the Tax Court has not wavered in its application of this common-law test in the sixteen years since we decided *Hatton*.  *See, e.g.*, *Estate of Sanders v. Comm'r of Internal Revenue*, 144 T.C. 63 (2015).

The parties' dispute centers on whether Smith's filing met the fourth requirement of the operative test: was his filing "an honest and reasonable attempt to satisfy the requirements of the tax law?"  *Hatton* considered this question under similar circumstances.  The taxpayer in *Hatton* failed to file a tax return and the IRS computed and assessed his tax liability by creating an SFR.  *Hatton*, 220 F.3d at 1059.  Throughout the

process, the IRS sent numerous notices to Hatton, but it received no responses. *Id.* Hatton finally met with the IRS more than seven years after the original return was due and more than four years after the IRS assessed a deficiency. *Id.* He did not dispute his liability and the IRS agreed to a $200-a-month payment plan. *Id.* We held that Hatton's "belated acceptance of responsibility" was not an honest and reasonable attempt to comply with the tax code. *Id.* at 1061.

Here, Smith failed to make a tax filing until seven years after his return was due and three years after the IRS went to the trouble of calculating a deficiency and issuing an assessment. Under these circumstances, Smith's "belated acceptance of responsibility" was not a reasonable attempt to comply with the tax code. Many of our sister circuits have held that post-assessment tax filings are not "honest and reasonable" attempts to comply and are therefore not "returns" at all. *See In re Justice*, 817 F.3d at 746; *In re Payne*, 431 F.3d 1055, 1057–60 (7th Cir. 2005); *In re Moroney*, 352 F.3d 902, 907 (4th Cir. 2003); *In re Hindenlang*, 164 F.3d 1029, 1034–35 (6th Cir. 1999). *But see In re Colsen*, 446 F.3d 836, 840–41 (8th Cir. 2006). We need not decide the close question of whether *any* post-assessment filing could be "honest and reasonable" because these are not close facts; the IRS communicated with Smith for years before assessing a deficiency, and Smith waited several more years before responding to the IRS or reporting his 2001 financial information.

Smith argues that *Hatton*'s "honest and reasonable" inquiry requires looking only at the face of the filing, and that *Hatton*'s facts are distinguishable because Hatton did not file a tax form at all. We disagree. *Hatton* focused the "honest and reasonable" inquiry on the honesty and reasonableness of

the taxpayer's conduct, not on any deficiency in the documents' form or content. *See Hatton*, 220 F.3d at 1061 ("Hatton made every attempt to avoid paying his taxes until the IRS left him with no other choice."). We hold that *Hatton* applies to the bankruptcy code as amended, and that Smith's tax filing, made seven years late and three years after the IRS assessed a deficiency against him, was not an "honest and reasonable" attempt to comply with the tax code.[1]

**AFFIRMED.**

---

[1] The IRS argues that even if Smith's filing was a return, the deficiency it assessed against Smith was not a "debt for a tax . . . with respect to which" a return was filed because Smith had not yet filed anything when it assessed the deficiency. We do not reach this argument because we hold that Smith's filing was not a return.