**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-3761

———————————

IN RE: THOMAS GIACCHI,

Appellant

THOMAS GIACCHI

v.

UNITED STATES OF AMERICA
DEPARTMENT OF THE TREASURY INTERNAL
REVENUE SERVICE

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 5-14-cv-01156)
District Judge:  Honorable Joseph F. Leeson, Jr.

———————————

Submitted under Third Circuit LAR 34.1(a)
on June 22, 2016

Before: *FISHER, GREENAWAY, JR. and ROTH, <u>Circuit Judges</u>

(Opinion filed:  May 5, 2017)

David F. Dunn
David Dunn Law Offices, PC
1248 W. Hamilton Street
Allentown, PA 18102

*Counsel for Appellant*

Julie C. Avetta
Ellen P. DelSole
Gilbert S. Rothenberg, Esq.
United States Department of Justice
Tax Division
95 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044

*Counsel for Appellee*

—————————————

OPINION OF THE COURT

—————————————

—————————————

* The Honorable D. Michael Fisher assumed senior status on February 1, 2017

ROTH, <u>Circuit Judge</u>

In this appeal, we must determine whether Internal Revenue Service Forms 1040, filed after the IRS has made an assessment of the taxpayer's liability, constitute "returns" for purposes of determining the dischargeability in bankruptcy of tax debts under 11 U.S.C. § 523(a)(1)(B). Thomas Giacchi did not file tax returns on time for the years 2000, 2001, or 2002. Instead, he filed the forms years after they were due and after the Internal Revenue Service had assessed a liability against him. In 2010 and 2012, Giacchi filed for bankruptcy, and in 2013 he sought to discharge his tax liability for the years 2000, 2001, and 2002. The District Court affirmed the Bankruptcy Court's order denying the discharge. We will affirm the District Court's ruling.

## I.    **Background**

Giacchi failed to file Forms 1040 for 2000, 2001, and 2002 in a timely manner.[1]   In 2004, the IRS investigated and assessed a tax liability against Giacchi for 2000 and 2001. Approximately one month after the IRS made those tax assessments, Giacchi filed Forms 1040 for 2000 and 2001. However, he did not file his overdue Form 1040 for 2002 at that time. The IRS assessed his 2002 tax liability in 2005, and Giacchi submitted a Form 1040 for 2002 in 2006. Based on information in the forms Giacchi filed, the IRS abated a portion of the assessment it had made.

In 2010, Giacchi filed a voluntary Chapter 7 bankruptcy petition and received a discharge of his

---

[1] A Form 1040 is a document with which an individual taxpayer reports to the federal government his or her federal income tax liability.

Pennsylvania tax liability. In 2012, Giacchi filed a Chapter 13 bankruptcy petition and brought this adversary proceeding against the federal government to seek a judgment that his assessed federal income tax liabilities for the years 2000, 2001, and 2002 had been discharged in his Chapter 7 bankruptcy. The Bankruptcy Court concluded that the tax debt in question, owed by Giacchi to the IRS, was non-dischargeable under 11 U.S.C. § 523(a)(1)(B) because Giacchi had failed to file tax returns for 2000, 2001, and 2002, and Giacchi's belatedly filed documents were not "returns" within the meaning of § 523(a)(1)(B) and other applicable law. The District Court affirmed. Giacchi appeals.

## II.    Discussion

### A.    Standard of Review

We have jurisdiction over the final order of the District Court, entered in a bankruptcy proceeding, pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. Our standard of review is the same as that exercised by the District Court over the decision of the Bankruptcy Court.[2] Accordingly, we review findings of fact for clear error and exercise plenary review over questions of law.[3]

### B.    Dischargeability

The general rule—that a debtor who files a Chapter 7 bankruptcy petition is discharged from personal liability for

---

[2] *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

[3] *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 209-10 (3d Cir. 2006).

4

all debts incurred before the filing of the petition—is subject to several exceptions.[4] Section 523(a)(1)(B)(i) of the Bankruptcy Code excepts from discharge "any . . . debt for a tax . . . with respect to which a return, or equivalent report or notice, if required, . . . was not filed or given."[5] It is undisputed that Giacchi filed his Forms 1040 after their due dates. At issue is whether those belatedly filed forms constitute "returns." If they do, Giacchi's tax debts are not subject to § 523(a)(1)(B)(i)'s exception from discharge; if the forms do not, Giacchi's tax debts are excepted from discharge.[6] This is an issue of first impression for this Court.

In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA)[7] added, for the first time, a definition of "return" to the Bankruptcy Code. The definition reads, in pertinent part, "[f]or purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)."[8] Several of our sister circuits have interpreted "applicable filing requirements" to include filing deadlines so that late-filed forms cannot be

---

[4] 11 U.S.C. §§ 727(b), 523(a)(1); *In re Hatton*, 220 F.3d 1057, 1059-60 (9th Cir. 2000).

[5] 11 U.S.C. § 523(a)(1)(B)(i).

[6] Section 523(a)(1)(B)(ii) prohibits the discharge of tax liability for which a return was filed within two years preceding the petition for bankruptcy. Because Giacchi petitioned for bankruptcy more than two years after filing his tax forms, this provision does not apply. 11 U.S.C. § 523(a)(1)(B)(ii).

[7] Pub. L. 109–8, 119 Stat. 23 (2005).

[8] 11 U.S.C. § 523(a) (referred to as the "hanging paragraph").

5

"returns."[9]  The government notes that this approach, called the "one-day-late rule," fails to harmonize provisions of § 523 that contemplate some late-filed forms are "returns."[10]  We need not reach the question of whether the "one-day-late rule" is correct. Instead, we join our sister circuits in applying *Beard v. Commissioner of Internal Revenue*, which sets forth "the requirements of applicable nonbankruptcy law[,]" and we conclude that Giacchi's tax debts are non-dischargeable.[11]

Under *Beard*, a document must meet four requirements to be a tax return:  (1) it must purport to be a return, (2) it must be executed under penalty of perjury, (3) it must contain sufficient data to allow calculation of tax, and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.[12]  Only the fourth factor is at issue here:  whether Giacchi's Forms 1040 represent an honest and reasonable effort to comply with the tax law.

Forms filed after their due dates and after an IRS assessment rarely, if ever, qualify as an honest or reasonable attempt to satisfy the tax law.[13]  This is because the purpose of a tax return is for the taxpayer to provide information to

---

[9] *See In re Fahey*, 779 F.3d 1, 4 (1st Cir. 2015); *In re Mallo*, 774 F.3d 1313, 1317 (10th Cir. 2014), *cert. denied sub nom. Mallo v. I.R.S.*, 135 S. Ct. 2889 (2015); *In re McCoy*, 666 F.3d 924, 932 (5th Cir. 2012).

[10] 11 U.S.C. § 523(a)(1)(B)(ii).

[11] *Beard v. Comm'r*, 82 T.C. 766, 777 (T.C. 1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986).

[12] *See In re Justice*, 817 F.3d 738, 741 (11th Cir. 2016); *In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999).

[13] *In re Moroney*, 352 F.3d 902, 905-06 (4th Cir. 2003).

the government regarding the amount of tax due.[14] If a taxpayer does not file a return, the IRS is required to independently assess the taxpayer's liability, as it did when Giacchi failed to timely file his 2000, 2001, or 2002 tax returns. Once the IRS assesses the taxpayer's liability, a subsequent filing can no longer serve the tax return's purpose, and thus could not be an honest and reasonable attempt to comply with the tax law.[15] Here, there is no dispute that Giacchi failed to file timely returns, and that, as a result of Giacchi's failure, the IRS had to estimate his taxes without his assistance.

Giacchi's argument that his filings constitute tax returns is two-fold. First, Giacchi argues that the tardiness of his filings does not render them any less of an honest and reasonable attempt to comply with tax law, relying on the Eighth Circuit's holding in *In re Colsen* that the "honest and reasonable attempt" inquiry focuses on the content of the form, not the circumstances of its filing.[16] We decline to adopt the Eighth Circuit's approach, and agree with the weight of authority that the timing of the filing of a tax form

---

[14] *United States v. Galletti*, 541 U.S. 114, 122 (2004) ("'The Federal tax system is basically one of self-assessment,' whereby each taxpayer computes the tax due and then files the appropriate form of return along with the requisite payment." (quoting 26 CFR § 601.103(a) (2003))).

[15] *Justice*, 817 F.3d at 744; *In re Moroney*, 352 F.3d at 906; *Hindenlang*, 164 F.3d at 1034-35.

[16] *In re Colsen*, 446 F.3d 836, 840 (8th Cir. 2006); *see In re Payne*, 431 F.3d 1055, 1061-62 (7th Cir. 2005) (Easterbrook, J., dissenting).

7

is relevant to determining whether the form evinces an honest and reasonable attempt to comply with tax law.[17]

Second, Giacchi asserts that, because his late-filed forms showed less tax liability and the IRS abated the tax assessment based on those filings, the filings served a tax purpose and thus constitute returns. This argument misses the point. Giacchi failed to provide the IRS information to determine his tax liability so that the IRS had to estimate his taxes without his assistance; Giacchi cannot now seek to benefit from the IRS's imprecise estimate. Giacchi's belated filings are merely self-serving bids to reduce his tax liabilities, rather than attempts to comply with the requirements and objectives of prompt self-reporting and self-assessment.[18]

Finally, Giacchi suggests in passing that his delinquency in filing should be excused because of his "emotional state" during those years. Although "[c]ircumstances . . . might demonstrate that the debtor, despite his delinquency, had attempted in good faith to

---

[17] *See Comm'r v. Lane-Wells Co.*, 321 U.S. 219, 223 (1944); *Justice*, 817 F.3d at 746; *Payne*, 431 F.3d at 1057-60; *Moroney*, 352 F.3d at 907; *Hatton*, 220 F.3d at 1060-61; *Hindenlang*, 164 F.3d at 1034-35.

[18] *Moroney*, 352 F.3d at 906; *see Justice*, 817 F.3d at 744.

comply with the tax laws[,]" Giacchi's "emotional state" during the tax years in question is not one of them.[19]

### III.   Conclusion

We hold that Giacchi's belated filings after assessment are not an honest and reasonable effort to comply with the tax law under the *Beard* test and, as such, the filings do not constitute returns.  Because Giacchi's tax debts for tax years 2000, 2001, and 2002 are debts for tax obligations for which no return was filed, the debts are not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(1)(B). Accordingly, we will affirm the order of the District Court.

---

[19] *Justice*, 817 F.3d at 746 n.8 (citing *Moroney*, 352 F.3d at 907); *Moroney*, 352 F.3d at 906 (rejecting the proffered justification that the taxpayer "simply did not 'get around to filing his tax returns.'"); *In re Payne*, 431 F.3d 1055, 1057, 1059-60 (7th Cir. 2005) (rejecting the proposed excuse that the taxpayer was having a "difficult" period in his life).