**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the Matter of:

JOHN R. D. FREMONT,

-------------------------------

JOHN R. D. FREMONT,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No.    17-55842

D.C. No. 2:16-cv-07973-JAK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before:  IKUTA and N.R. SMITH, Circuit Judges, and STEEH,[**] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

John Fremont appeals the district court's order affirming the bankruptcy court's grant of summary judgment for the United States. We affirm.

The bankruptcy court had the power to reconsider its previous denial of the government's motion for summary judgment at any time. *See* Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054(a); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885–86 (9th Cir. 2002) (recognizing a court's inherent authority to reconsider interlocutory orders over which the court retains jurisdiction). Even if the bankruptcy court erred by failing to construe the government's motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure as a motion for reconsideration of an interlocutory order, and therefore the court's procedure for considering the motion did not comply with the local bankruptcy rules, any such error was harmless. Fremont cannot show he suffered prejudice, as he had a meaningful opportunity to set out his position and respond to the government's arguments in his response to the government's motion. Moreover, Fremont has not explained what additional material evidence or arguments he would have presented had the court complied with the local rules. *See Wade v. State Bar of Arizona (In re Wade)*, 948 F.2d 1122, 1125 (9th Cir. 1991) (per curiam).

The bankruptcy court did not err in concluding there was no genuine issue of material fact that Fremont had failed to file a return for the 2001, 2002, and 2003 tax years. Based on the undisputed facts, Fremont failed to provide the information required by a tax return until three to five years after the IRS assessed deficiencies for these tax years. Such a "belated acceptance of responsibility" does not qualify as "an honest and reasonable attempt to comply with the tax code." *Smith v. U.S. Internal Revenue Serv. (In re Smith)*, 828 F.3d 1094, 1097 (9th Cir. 2016). Because Fremont did not file a "return" within the meaning of 11 U.S.C. § 523(a)(1)(B), *see id.* at 1096–97, his tax debts from the 2001, 2002, and 2003 tax years are excepted from discharge. *See* 11 U.S.C. § 523(a)(1)(B)(i).

**AFFIRMED.**