**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3614
_____

IN RE: SRC LIQUIDATION LLC, et al.,
Debtors

EISNERAMPER LLC, not in its individual capacity but as Trustee of the
SRC Liquidating GUC Trust,
Appellant

v.

JOSEPH P. MORGAN, JR.; ROY W. BEGLEY, JR.; F. DAVID CLARKE, III;
JOHN Q. SHERMAN, II; JULIE D. KLAPSTEIN; JOHN J. SCHIFF, JR.;
ROBERT M. GINNAN; R. ERIC MCCARTHEY.
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-16-cv-00119)
District Judge:  Honorable Leonard P. Stark, <u>Chief Judge</u>.

Submitted: September 25, 2018

Before:  AMBRO, CHAGARES, and GREENAWAY, JR., <u>Circuit Judges</u>.

(Filed April 1, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

EisnerAmper LLC ("EisnerAmper") appeals the dismissal of an adversary proceeding filed in the Bankruptcy Court against Joseph P. Morgan, Jr.; Roy W. Begley, Jr.; F. David Clarke, III; John Q. Sherman, II; Julie D. Klapstein; John J. Schiff, Jr.; Robert M. Ginnan; and R. Eric McCarthey (the "Leadership Defendants"), who are officers and directors of SRC Liquidation LLC ("SRC"). At issue is whether the amended adversary complaint (the "complaint") was properly dismissed. For the reasons stated below, we will affirm.

I.

As this opinion is non-precedential and we write for the parties only, our factual recitation is abbreviated. EisnerAmper is the trustee of the SRC Liquidating GUC Trust (the "Trust"), which was formed in SRC's Chapter 11 bankruptcy proceedings. In its capacity as trustee, EisnerAmper brought claims against the Leadership Defendants for breaches of fiduciary duties pertaining to SRC's pre-bankruptcy acquisition of WorkflowOne, a purchase that — according to EisnerAmper — "quintupled SRC's debt load overnight, saddled . . . SRC with extremely expensive secured term loan debt at junk bond rates and with very restrictive covenants, and predictably caused SRC's complete demise in less than two years." EisnerAmper Br. 6. The Bankruptcy Court dismissed Count I, which sought damages for breach of fiduciary duties applicable under Ohio law, with prejudice. It dismissed the remaining counts, pertaining to the Leadership Defendants' bonuses and their potential claims against SRC, without prejudice. The

2

United States District Court for the District of Delaware affirmed, and EisnerAmper timely appealed to this Court.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We exercise jurisdiction under 28 U.S.C. § 158(d)(1). We apply the same standard of review "as that exercised by the District Court over the decision of the Bankruptcy Court[,] . . . exercis[ing] plenary review over questions of law." In re Giacchi, 856 F.3d 244, 247 (3d Cir. 2017). We review the Bankruptcy Court's decision to dismiss Count I with prejudice for abuse of discretion. See Fallon v. Mercy Catholic Med. Ctr. of Se. Pa., 877 F.3d 487, 493–94 (3d Cir. 2017).

## III.

EisnerAmper argues that the Bankruptcy Court and District Court erred by: concluding that the complaint did not state plausible claims against the Leadership Defendants; requiring EisnerAmper to plead more than required at the motion-to-dismiss stage; and abusing its discretion in denying Count I with prejudice.

We turn to the first two arguments, which together amount to the contention that the complaint should not have been dismissed. Of course, "detailed pleading is not generally required" at the motion-to-dismiss stage. Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Nevertheless, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Such facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A complaint may be dismissed under Rule 12(b)(6) where an unanswered affirmative defense appears on its face." In re Tower Air, Inc., 416 F.3d 229, 238 (3d Cir. 2005).

We agree with the Bankruptcy Court and the District Court that, with respect to Count I, EisnerAmper failed to state a plausible claim for relief under Twombly and Iqbal. Asserting a plausible claim "requires more than labels and conclusions," In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 319 (3d Cir. 2010) (quoting Twombly, 550 U.S. at 555), and our plausibility inquiry is "a context-specific task," id. at 361 (quoting Iqbal, 556 U.S. at 679).

To prove that a director "violated [his fiduciary] duties" under Ohio law, a plaintiff must prove "that the director has not acted in good faith, in a manner the director reasonably believes to be in or not opposed to the best interests of the corporation, or with the care that an ordinarily prudent person in a like position would use under similar circumstances." Ohio Rev. Code Ann. § 1701.59(D)(1). Thus, "[a] director shall be liable in damages . . . only if . . . the director's action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation." Id. § 1701.59(E). Stating a claim for breach of fiduciary duties under Ohio law accordingly

requires a plaintiff to allege "facts, as distinct from generalized conclusions, which if proved would overcome the presumption of good faith and satisfy the requirements of [section] 1701.59(D)." Abrahamson v. Waddell, 624 N.E.2d 1118, 1120 (Ohio Com. Pl. 1992) (dismissing action for failure to allege facts that would overcome presumption of good faith and satisfy section 1701.59(D)(1)); see also Tower Air, 416 F.3d at 238 (explaining that, although, "[g]enerally speaking, we will not rely on an affirmative defense such as the business judgment rule to trigger dismissal of a complaint under Rule 12(b)(6) . . . where an unanswered affirmative defense appears on [the complaint's] face, . . . [the plaintiff] must plead that he overcomes the presumption created by that rule").

In other words, EisnerAmper was required to allege facts supporting the plausible inference that the Leadership Defendants acted in bad faith when they created and relied upon certain financial projections and ultimately decided to acquire WorkflowOne. See id. Instead, the complaint presented conclusory statements about the Leadership Defendants' knowledge regarding the value of WorkflowOne and its possible effects on SRC's financial health at the time of the acquisition. As the District Court correctly noted, "[e]ven viewing these allegations in the light most favorable to [EisnerAmper], they are not sufficient to demonstrate that Defendants knew or should have known that reliance on [certain financial projections] was unwarranted or that they acted in bad faith." District Court Dkt. No. 40, p. 14. Requiring non-conclusory allegations does not impose an improper heightened standard on EisnerAmper. Therefore, we conclude that its arguments are unavailing.

We also conclude that the Bankruptcy Court's dismissal of Count I with prejudice was not an abuse of discretion. As this Court has noted, one permissible ground upon which to dismiss a count with prejudice is futility. See United States ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014) ("Accordingly, we affirm dismissal of Schumann's claims with prejudice because further amendment would be futile."). The Bankruptcy Court considered in-depth the possibility of salvaging the complaint, and it determined after comprehensive oral argument and briefing that EisnerAmper could not do so. Our review of the record indicates that there is no reason to conclude that the Bankruptcy Court committed an abuse of discretion in reaching this determination or that the District Court erred in affirming.

The remaining counts allege that bonuses paid to the Leadership Defendants were fraudulent transfers. Under both federal and Ohio law, a plaintiff pleading a fraudulent transfer claim (not on the basis of actual intent) must allege, inter alia, that the transfer at issue occurred without receipt of "a reasonably equivalent value in exchange." 11 U.S.C. § 548(a)(1)(B)(i); Ohio Rev. Code Ann. § 1336.04(A)(2). One independent ground for the Bankruptcy Court's dismissal of these counts was that EisnerAmper failed to allege the "reasonably equivalent value" element. However, as the Leadership Defendants argue, EisnerAmper has not presented argument on this necessary element. Instead, it relies solely on its position that if we reverse the dismissal of Count I, we "should also reverse dismissal of [the remaining counts]." EisnerAmper Reply Br. 27. The failure to challenge this independent ground for dismissal compels us to affirm. See Nagle v.

6

Alspach, 8 F.3d 141, 143 (3d Cir. 1993) (concluding that, where the appellant challenged only two of four independent grounds for a district court's judgment against it, the Court "must affirm"). [1]

We have considered the myriad arguments presented on appeal and find the remaining ones facially unavailing. Having determined that there are independent grounds to affirm the Bankruptcy Court's and the District Court's decisions on each of the counts at issue, we need not consider additional rationales for affirmation.

IV.

For the reasons stated above, we will affirm the order of the District Court.

---

[1] For example, because we resolve these counts on this independent ground, we need not reach EisnerAmper's additional argument that the Bankruptcy Court and the District Court erred by interpreting the Ohio business judgment rule as requiring that the Leadership Defendants had "actual knowledge" within the meaning of section 1701.59(D)(2) of the Ohio Revised Code Annotated to have acted without good faith.