**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1334
_____

In re: REZA FARZAN, a/k/a Ray Farzan, a/k/a Raymond Farzan,
f/d/b/a America's Consulting Enterprise, Inc., Debtor

REZA FARZAN,
Appellant

v.

BAYVIEW LOAN SERVICING LLC; SAMANTHA DICKIE;
SCHILLER, KNAPP, LEFKOWITZ & HERTZEL LLP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-20-cv-03330)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2021

Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 8, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Reza Farzan appeals the District Court's order affirming the Bankruptcy Court's dismissal of his adversary complaint. For the reasons detailed below, we will affirm the District Court's judgment.

In 2005, Farzan obtained a mortgage-loan and purchased a home in New Jersey. In 2009, the originator of the loan transferred the mortgage and note to JP Morgan Chase Bank; Farzan alleges that the transfer was fraudulent. In 2014, Chase prepared an affidavit of lost note; Farzan contends that document is also fraudulent. Soon thereafter, through what Farzan claims is a third fraudulent transaction, Chase transferred its interest to Bayview Loan Servicing LLC. Finally, Farzan says that, in 2016, Bayview fabricated a mortgage modification document.

That same year, Bayview instituted foreclosure proceedings in New Jersey state court. In that action, Farzan claimed, among other things, that Bayview lacked the right to foreclose because the 2009 transfer, the 2014 affidavit of lost note, and the 2014 transfer were all invalid. The state court rejected Farzan's defenses and counterclaims and granted Bayview's motion for summary judgment. The court entered final judgment in September 2019, and Farzan did not appeal.

In October 2019, Farzan filed for Chapter 13 bankruptcy. In those proceedings, he filed an adversary complaint against Bayview, its law firm, and a notary. He claimed that these defendants had violated his rights by engaging in the transactions described above.

2

The defendants moved to dismiss the complaint. The Bankruptcy Court granted those motions, concluding that the action was barred by the Rooker-Feldman doctrine. See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).[1] Farzan appealed, and the District Court affirmed the Bankruptcy Court's order. Farzan then appealed to this Court. In this Court, he has filed a motion "to supplement the records of this appeal with the records of all related open cases in federal courts."

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 158(d)(1). We apply the same standard of review "as that exercised by the District Court over the decision of the Bankruptcy Court[,] . . . exercis[ing] plenary review over questions of law." In re Giacchi, 856 F.3d 244, 247 (3d Cir. 2017).

We question whether Farzan's claims are truly barred by the Rooker-Feldman doctrine.[2] However, the claims are barred by New Jersey's preclusion rules. See In re

---

[1] The Bankruptcy Court also denied Farzan's motion to vacate the dismissal order. We do not understand Farzan to challenge that order in his brief, but in any event, because we conclude that the complaint was properly dismissed, we likewise conclude that he is not entitled to relief as to that motion.

[2] The Rooker-Feldman doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting Exxon Mobil Corp. v. Saudi

Mullarkey, 536 F.3d 215, 229–30 (3d Cir. 2008); Rycoline Prods., Inc. v. C & W

Unlimited, 109 F.3d 883, 885–86 (3d Cir. 1997).[3]  Under New Jersey law, which governs

the inquiry, see McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989), "when a

---

Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  We doubt that the doctrine applies here, for two reasons.  First, as the District Court explained, Farzan still had time to appeal the foreclosure order at the time he filed the adversary complaint, see generally In re Hoffinger Indus., Inc., 329 F.3d 948, 952 (8th Cir. 2003), and thus the requisite state court "judgment" did not exist at the time he filed his complaint, see Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 459 (3d Cir. 2019); see generally Exxon Mobil Corp., 544 U.S. at 292–93.  Second, Farzan largely complains of injuries allegedly traceable to the defendants' conduct, not the state court judgment.  See Vuyanich v. Smithton Borough, 5 F.4th 379, 386 (3d Cir. 2021); Great W. Mining & Min. Co., 615 F.3d at 167.  In any event, we need not conclusively resolve these issues because preclusion principles are dispositive of Farzan's claims.  See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (ruling that Court was "permitted to 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds").

[3] We may affirm on any ground supported by the record, see Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015), and Bayview raised the preclusion defense before the Bankruptcy Court, the District Court, and this Court.  Given Farzan's discussion of the foreclosure action in his complaint, we conclude that it is appropriate to reach this defense here.  See generally Hoffman, 837 F.3d at 280.  In performing this analysis, we may take judicial notice of the record of the prior proceeding, see Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988), in addition to considering "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents," Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quotation marks omitted).  Finally, although the non-Bayview defendants did not raise the preclusion defense, Bayview's motion provided adequate notice of the issue to Farzan, so it is permissible for us to consider the defense as to those defendants, too.  See generally Arizona v. California, 530 U.S. 392, 412 (2000); Acequia, Inc. v. Prudential Ins. Co. of Am., 226 F.3d 798, 807 (7th Cir. 2000) (stating "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition").

controversy between parties is once fairly litigated and determined it is no longer open to relitigation," Adelman v. BSI Fin. Servs., Inc., 179 A.3d 431, 436 (N.J. Super. Ct. App. Div. 2018) (quoting Lubliner v. Bd. of Alcoholic Beverage Control for Paterson, 165 A.2d 163, 167 (N.J. 1960)). Res judicata applies if there is "(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." Brookshire Equities, LLC v. Montaquiza, 787 A.2d 942, 947 (N.J. Super. Ct. App. Div. 2002). Here, Farzan raised most of the same allegations in the foreclosure action—including various iterations of his claims that the defendants violated his rights through the 2009 transfer, the 2014 affidavit of lost note, and the 2014 transfer—but the trial court denied Farzan's defenses and counterclaims and granted summary judgment to Bayview. See Velasquez v. Franz, 589 A.2d 143, 147 (N.J. 1991) (explaining that an order granting summary judgment is final for these purposes). Therefore, to the extent that Farzan seeks to relitigate the same claims, they are barred by res judicata. See Delacruz v. Alfieri, 145 A.3d 695, 708 (N.J. Super. Ct. Law Div. 2015).

Moreover, to the extent there is any difference between the claims or parties in the two actions, Farzan's claims are nevertheless barred by New Jersey's Entire Controversy Doctrine. Under this doctrine, a party must bring in one action "'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,'" and must join "'all parties with a material interest in the controversy,'" or "be forever barred from bringing a subsequent action involving the same underlying facts." Rycoline

5

Prods., Inc., 109 F.3d at 885–86 (alteration in original) (quoting Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 662 A.2d 509, 513 (N.J. 1995)). This doctrine bars any variations of the claims concerning the allegedly fraudulent transactions that Farzan seeks to raise in this action. See Delacruz, 145 A.3d at 708 ("Claims or defenses that went to the validity of the mortgage, the amount due, or the right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred.").

Accordingly, we will affirm the District Court's judgment. We deny Farzan's motion to supplement the record.