# United States Court of Appeals
## For the First Circuit

No. 21-1206

IN RE: TERRENCE P. KRISS,

Debtor,

TERRENCE P. KRISS,

Appellant,

v.

UNITED STATES,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
and Woodlock,* District Judge.

John A.E. Pottow and Timothy Chevalier for appellant.
Julie Ciamporcero Avetta, Attorney, Tax Division, Department
of Justice, with whom John J. Farley, Acting United States
Attorney, David A. Hubbert, Acting Assistant Attorney General, and
Ellen Page DelSole, Attorney, Tax Division, Department of Justice,
were on brief, for appellee.

---

* Of the District of Massachusetts, sitting by designation.

November 22, 2022

**KAYATTA**, <u>Circuit Judge</u>.  Terrence Kriss failed to file income tax returns when due for 1997 and 2000.  Nor did he pay the taxes that were owed.  In March of 2003, without the benefit of a return (or any other help from Kriss), the IRS assessed the tax believed to be due, including penalties and interest, for tax year 1997, in the amount of $30,568.  Six months later, it calculated -- again on its own -- $46,344 in tax, penalties, and interest due for tax year 2000.  The IRS thereafter undertook unsuccessful collection efforts.  Subsequently, in 2007, Kriss filed Forms 1040 for years 1997 and 2000, but did not pay the long-overdue taxes.  Five years later, Kriss filed a chapter 13 petition for bankruptcy.  After he received a discharge in 2017, Kriss and the IRS joined issue on whether his discharge covered his debts to the IRS for the taxes due for 1997 and 2000.

The bankruptcy court held that the tax liabilities relevant here had not been discharged, and the district court affirmed.  We review the bankruptcy court's conclusions of law de novo.  <u>In re Healthco Int'l, Inc.</u>, 132 F.3d 104, 107 (1st Cir. 1997).

Resolution of this dispute turns on the interpretation of a particularly puzzling section of the Bankruptcy Code, 11 U.S.C. § 523(a)(1)(B)(i)-(ii), which provides:

> (a) A discharge . . . does not discharge an
> individual debtor from any debt--

- 3 -

（1) for a tax or a customs duty--

. . .

(B) with respect to which a return, or equivalent report or notice, if required--

(i) was not filed or given; or

(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition[.]

Until 2005, the Bankruptcy Code did not define "return" for purposes of this section. Then, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, Congress added the following unenumerated subsection, denoted as section 523(a)(*):

For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

This section requires us to decide whether Kriss's returns "satisf[y] the requirements of applicable nonbankruptcy law (including applicable filing requirements)." In 2015, we

decided a case presenting a similar inquiry. In re Fahey, 779 F.3d 1 (1st Cir. 2015). In that case, the debtor owed Massachusetts income tax, so we looked to Massachusetts state law as the applicable nonbankruptcy law. Id. at 4. That law included a requirement that returns be filed by a specified date. Id. And because the debtor's return was filed after that specified date, we held that the return was not a "return" within section 523(a)(*) (the so-called "one-day-late" rule). Id. at 5.

At least on its face, Fahey does not directly control this appeal because Massachusetts's filing requirements are not applicable given that the debt here arises under federal law. One might nevertheless think that distinction easily erased. After all, federal tax law required Kriss to file his returns before he did. See 26 U.S.C. § 6072. The United States, though, makes clear that it nonetheless regards many late-filed federal returns to be returns within the meaning of section 523(a)(*).

Ultimately, we need not decide whether Fahey entirely applies to federal returns just as it applies to Massachusetts returns. Nor need we consider the cogent arguments well marshalled by Kriss on appeal for rethinking Fahey. Rather, even if Fahey does not control, Kriss loses because his much belated filings did not qualify as returns under section 523(a)(*) even under the alternative test put forward by Kriss in the bankruptcy court. See United States v. Lara, 970 F.3d 68, 78 (1st Cir. 2020) ("We

- 5 -

need not decide which standard applies in this case, as [appellant's] challenge fails under either standard."); United States v. Burgos-Montes, 786 F.3d 92, 105 (1st Cir. 2015).

Kriss contends that this case should turn on the application of the four requirements of the so-called Beard test. Beard v. Comm'r, 82 T.C. 766 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986). Beard provides that "a document must meet four requirements to be a tax return: (1) it must purport to be a return, (2) it must be executed under penalty of perjury, (3) it must contain sufficient data to allow calculation of tax, and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law." In re Giacchi, 856 F.3d 244, 248 (3d Cir. 2017) (paraphrasing Beard). Kriss correctly contends that he satisfies the first three requirements of the Beard test. So the parties train their debate on whether Kriss's filings represent "an honest and reasonable attempt to satisfy the requirements of the Federal income tax law." Beard, 82 T.C. at 779.

On appeal, Kriss argues that he would win "automatically" under the objective version of the "honest and reasonable" requirement adopted in In re Colsen, 446 F.3d 836 (8th Cir. 2006). Under that version of the test, "the honesty and genuineness of the filer's attempt to satisfy the tax laws [is] determined from the face of the form itself, not from the filer's

- 6 -

delinquency or the reasons for it.  The filer's subjective intent is irrelevant."  Id. at 840.  As Kriss describes, "'Protest returns' of all zeros, etc., fail this objective test . . . .  But a properly completed Form 1040, as is at issue in this appeal, would satisfy this prong as a matter of law."

Kriss, however, never made this argument in the bankruptcy court.  To the contrary, in direct response to the government's assertion that Fahey's "one-day-late rule" applied, Kriss urged the bankruptcy court instead to apply the Beard test as defined in In re Justice, 817 F.3d 738 (11th Cir. 2016), In re Giacchi, 856 F.3d 244 (3d Cir. 2017), and In re Smith, 828 F.3d 1094 (9th Cir. 2016), all of which rejected the Colsen objective test.  Those cases adopted a "subjective" test that, as Kriss describes, "turns to the taxpayer's conduct and looks beyond the return itself."  Under this test, "[f]ailure to file a timely return, at least without a legitimate excuse or explanation, evinces the lack of a reasonable effort to comply with the law." In re Justice, 817 F.3d at 744; see also In re Giacchi, 856 F.3d at 248 ("[T]he timing of the filing of a tax form is relevant to determining whether the form evinces an honest and reasonable attempt to comply with tax law."); In re Smith, 828 F.3d at 1097 (rejecting the argument that courts can look "only at the face of the filing," and holding that a return filed seven years after its

initial due date "was not an 'honest and reasonable' attempt to comply with the tax code").

During the bankruptcy court hearing, Kriss stated that "if we're not defining ['return'] with a one-day-late rule, we have to propose an alternative," and went on to quote In re Justice for the point that "all of the taxpayer's conduct with respect to [the] relevant tax years" must be considered in evaluating the fourth Beard factor.  See In re Justice, 817 F.3d at 746.  Far from asserting that only the face of the form need be consulted, Kriss argued that the "analysis in the case law" focuses on whether "there [was] a reasonable effort based on all the facts and circumstances."  Following the logic of this subjective test, Kriss asserted that his delinquency in filing was excusable because "he was lied to [by his spouse] and he thought that [the tax returns] had been filed."

Kriss's argument on appeal for applying an objective test as in Colsen is therefore waived.  See Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 355 (1st Cir. 1994) ("[The] dispositive answer is that plaintiff never broached this argument before the bankruptcy court. . . .  Not only is it 'a bedrock rule' that a party who has not presented an argument below 'may not unveil it in the court of appeals,' but also, no principle is more firmly anchored in the jurisprudence of this circuit."  (quoting United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992))).

- 8 -

Under the subjective version of the Beard test, Kriss's alleged facts, even viewed most favorably to him, fall well short of plausibly qualifying as descriptions of a reasonable effort to file timely returns. Kriss's only excuse for his very belated filings is that his wife falsely assured him that she had filed the returns for him. But the United States tells us that Kriss and his wife were filing separate returns -- an assertion that Kriss does not challenge. Kriss also makes no allegation explaining why he did not respond to notices sent by the IRS inquiring about the status of his unfiled returns. He does not even allege that he ever signed any returns for 1997 or 2000 until 2007. Therefore, applying the Beard test that Kriss urged the bankruptcy court to adopt, he never filed "returns" for the tax years relevant here.[1]

For the foregoing reasons, the judgment of the district court is affirmed.

---

[1] The United States argues that a return filed after the IRS estimates and assesses a tax on its own can never be the product of an honest and reasonable effort to comply. Given our holding, we need not decide whether that is so.