NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JOHN PAUL SALVADOR, <br><br> Debtor. | No. 23-60008 |
| JOHN PAUL SALVADOR, <br><br> Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Appellee. | BAP No. CC-21-1252 <br> BAP, Riverside Bankruptcy Court <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty, and Faris, Bankruptcy Judges, Presiding

Submitted February 13, 2024[**]
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

John Salvador brought this adversary proceeding in his Chapter 7

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy seeking a determination that his federal tax debts for 2003, 2004, 2006, and 2009 were dischargeable. The Bankruptcy Court granted summary judgment for the government, and the Bankruptcy Appellate Panel (BAP) affirmed. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

Section 523(a)(1)(B)(i) of the Bankruptcy Code provides that tax debts are only dischargeable if, among other things, the debtor has filed a return. The statute did not originally define what qualified as a "return." In the absence of a statutory definition, this court adopted the Tax Court's *Beard* test to determine whether a document filed by the debtor qualifies as a return. *See In re Hatton*, 220 F.3d 1057, 1060–61 (9th Cir. 2000) (quoting *Beard v. Comm'r of Internal Revenue*, 82 T.C. 766 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986) (per curiam)). The *Beard* Test has four elements: "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury." *Beard*, 82 T.C. at 777.

Applying *Beard*, we held in *In re Hatton* that a document filed by a debtor after the IRS has already assessed his taxes does not generally qualify as a return because such a late filing is not an "honest and reasonable attempt" to comply with

2

the tax law. 220 F.3d at 1061.[1] Then in *In re Smith* we held that the *Beard* test remains unchanged, even though Congress later defined "return" in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCA). 828 F.3d 1094, 1097 (9th Cir. 2016);[2] *see also* 11 U.S.C § 523(a)(*) (BACPA defining "return" in part as a "return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements).").

Salvador concedes that he loses under this court's precedent. He filed his purported returns after the IRS had already assessed his tax liability. Under a straightforward application of *Beard* and *Smith*, his filing does not qualify as a return and his tax debts are nondischargeable. We thus affirm the BAP's decision upholding summary judgment for the government.

---

[1] The Fourth, Sixth, and Seventh Circuits held the same. *See In re Moroney*, 352 F.3d 902, 906 (4th Cir. 2003); *In re Hindenlang*, 164 F.3d 1029, 1034 (6th Cir. 1999); *In re Payne*, 431 F.3d 1055, 1057 (7th Cir. 2005). The Eighth Circuit, however, held that post-assessment filings generally qualified as returns. *See In re Colsen*, 446 F.3d 836, 840 (8th Cir. 2006); *see also Payne*, 431 F.3d at 1060 (7th Cir. 2005) (Easterbrook, J., dissenting) (originally laying out this position).

[2] The Third Circuit agrees. *In re Giacchi*, 856 F.3d 244, 247 (3rd Cir. 2017) (applying the same test). Meanwhile, the First, Fifth, and Tenth Circuits apply an even stricter approach to late filings. *See In re Fahey*, 779 F.3d 1, 7 (1st Cir. 2015) (holding that almost all late filings, even if only by one day, do not qualify as returns); *In re McCoy*, 666 F.3d 924, 932 (5th Cir. 2012) (same); *In re Mallo*, 774 F.3d 1313, 1321 (10th Cir. 2014) (same); *see also Payne*, 431 F.3d at 1060 (Easterbrook, J., dissenting) (endorsing this approach). *But see In re Shek*, 947 F.3d 770, 781 (11th Cir. 2020) (rejecting this strict approach to filings deadlines).

Salvador nevertheless brings this appeal to try to change the Ninth Circuit's case law. He filed a petition for initial hearing en banc, urging this court to adopt the Eighth Circuit's approach from *In re Colsen*, 446 F.3d 836 (8th Cir. 2006), a decision applying pre-BAPCA law.[3] On behalf of the court, we deny Salvador's petition for initial hearing en banc, Dkt. No. 32. There is no intra-circuit split and adopting Salvador's approach would only further entrench the existing inter-circuit split.

**AFFIRMED**.

---

[3] Salvador also argues that the Ninth Circuit's precedent conflicts with the Supreme Court's decision in *Badaracco v. Comm'r of Internal Revenue*, 464 U.S. 386 (1984). Not so. As Judge Posner aptly explained in *Payne*, *Badaracco* dealt with a meaningfully different context, and "there is no reason why the word 'return,' undefined in either the Bankruptcy Code or the Internal Revenue Code, should carry the same meaning regardless of context." *Payne*, 431 F.3d at 1058. The hanging paragraph added by BAPCA acknowledges that the meaning of "return" depends on context, noting that the definition it outlines only controls "[f]or purposes of this subsection" and derives from "applicable" nonbankruptcy law. 11 U.S.C. § 523(a)(*).