**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ALBERT M. KUN,<br><br>    Debtor.<br>_____<br><br>ALBERT M. KUN,<br><br>    Appellant,<br><br> v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>    Appellee. | No. 23-16092<br><br>D.C. Nos. 3:23-cv-01660-RS<br>      3:23-cv-01747-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted May 21, 2025[**]

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Chapter 7 debtor Albert M. Kun appeals pro se from the district court's

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in his adversary proceeding.  We have jurisdiction under 28 U.S.C. § 158(d).  We review de novo the district court's decisions on appeal from the bankruptcy court and apply the same standards of review applied by the district court.  *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012).  We affirm.

The bankruptcy court properly dismissed as to Kun's 2012 and 2013 tax years, and properly granted judgment on the pleadings as to Kun's 2014 tax year, because Kun's tax obligations for these three years were not discharged in bankruptcy as a matter of law.  *See Young v. United States*, 535 U.S. 43, 49 (2002) ("All tax debts falling within the terms of the three-year lookback period are nondischargeable in bankruptcy." (citing 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i))); *In re Smith*, 828 F.3d 1094, 1096 (9th Cir. 2016) (explaining that "[t]he bankruptcy code exempts from discharge 'any . . . debt for a tax . . . with respect to which a return, or equivalent report or notice, if required . . . was not filed or given." (quoting 11 U.S.C. § 523(a)(1)(B)(i))).

The bankruptcy court did not abuse its discretion by denying Kun's motion for reconsideration because Kun failed to demonstrate any basis for relief.  *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

**AFFIRMED.**